

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00217-CR

Jose Luis **RIOJAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1304
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Karen Angelini, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: November 12, 2014

DISMISSED

Jose Luis Riojas pleaded nolo contendere to aggravated assault with a deadly weapon and pleaded true to an enhancement paragraph pursuant to a plea bargain agreement. As part of his plea-bargain, Riojas signed a separate "Waiver of Appeal." The trial court imposed sentence in accordance with the plea agreement. The trial court initially signed a certificate stating that "[this] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;" and "defendant has waived the right of appeal." Riojas timely filed a notice of appeal and the record was filed.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court is "obligated to review that record [to] ascertain[] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

Our review of the record discloses that this is a plea bargain case and that Riojas signed a waiver of his limited right of appeal. The trial court expressly advised Riojas at the sentencing hearing that "[y]ou do not have my permission to appeal," and we have not found any indication that the trial court subsequently granted Riojas permission to appeal. Appellant's counsel has filed a notice stating he has reviewed the record and can find no right of appeal.

We abated the appeal for the trial court to reconsider the certification. On October 14, 2014, the trial court signed an amended certification, stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." The certification has been filed in a supplemental clerk's record.

We agree with counsel and the trial court that the record establishes Riojas does not have a right to appeal. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH